Darya S. Druch (SBN 135827)
Attorney at Law
One Kaiser Plaza, Suite 480
Oakland, CA 94612
Phone:(510)465-1788
Fax: (510)874-7219
Email: darya@daryalaw.com

Attorney for Debtor
Randall and Christina Wanser

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Randall and Christina Wanser

Debtor

Case No.: 09-47635

Chapter: 11

MOTION TO AVOID LIEN (SECOND DEED OF TRUST) AND TO VALUE COLLATERAL OF CREDITOR HANSEN PROPERTIES LLC ON REAL PROPERTY AND POINTS AND AUTHORITIES THEREON

MOTION IS HEREBY MADE for an order valuing the property secured by creditor HANSEN PROPERTIES LLC and avoidance of their lien (second deed of trust).

This case was commenced by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. This motion is brought pursuant to 11 U.S.C. section 506 and Bankruptcy Rule 3012. This motion is based upon this Motion and Points and Authorities and the Notice of Motion filed simultaneously herewith.

I.  **CREDITOR'S CLAIM SECURED BY A LIEN IS ONLY SECURED TO THE EXTENT OF THE VALUE OF SUCH CREDITOR'S INTEREST IN SAID PROPERTY**

"An Allowed claim of a creditor secured by a lien on property in which the estate has an interest or that is subject to set off under section 553 of this title, is a secured claim to the extent

MOTION TO AVOID LIEN (SECOND DEED OF TRUST) AND VALUE COLLATERAL OF CREDITOR HANSEN PROPERTIES LLC AND POINTS AND AUTHORITIES THEREON

- 1

Case: 09-47635   Doc# 24   Filed: 09/02/09   Entered: 09/02/09 12:51:27   Page 1 of 4

of the value of such creditor's interest in the estate's interest in such property…" 11 U.S.C. section 506(a)(1).

Subsection (a) of 11 U.S.C. section 506 determines the amount of a secured claim. Under Section 506(a)(1), a creditor with a lien has an allowed secured claim only to the extent of the amount of value of the collateral.

II. BANKRUPTCY RULE 3012 ALLOWS THE COURT TO DETERMINE THE VALUE OF A CLAIM

Rule 3012 implements section 506(a) of the Code with respect to valuation of a secured claim in order to determine the extent to which the property is secured or unsecured.

III. FACTS

1. On August 19, 2009 the debtors Randall and Christina Wanser (hereinafter "Movant") filed a petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code.

2. The Movant's real property, under which creditor HANSEN PROPERTIES LLC ("Creditor") claims a secured interest, is commonly known as 3146 Diablo View Road, Lafayette CA 94549 ("Real Property") and is more fully described in Exhibit 1 attached hereto.

3. The Fair Market Value ("FMV") of the Real Property at the time this bankruptcy was filed was $650,000, as stated in the Hernwood Associates appraisal dated August 9, 2009 and which is attached hereto as Exhibit 2 and incorporated herein by reference. A second appraisal prepared August 11, 2009 by Dennis P. Kerns of Apple Appraisal Inc. shows a value of $690,000. A copy of the Kerns appraisal is attached hereto as Exhibit 3.

4. Creditor's lien on the Real Property, is a second deed of trust in the amount of $350,000 plus accrued interest. A copy of the front page of the Deed of Trust recorded August 21, 2008 in Contra Costa County records and designated as Document number 2008-0186715-00 is attached hereto as Exhibit 4. In addition to the deed of trust that is the subject of this motion, Creditor has

MOTION TO AVOID LIEN (SECOND DEED OF TRUST) AND VALUE COLLATERAL OF CREDITOR HANSEN PROPERTIES LLC AND POINTS AND AUTHORITIES THEREON

- 2

lien on Debtor's real property located at 61 Edmund Court in Walnut Creek. Nothing in this motion seeks to modify any lien rights Creditor has with respect to its claim against 61 Edmund Court.

5. The Real Property is also subject to the following described encumbrances of record: First mortgage to Wachovia Bank with a secured lien amount of $865,000 plus accrued interest based upon a deed of trust recorded July 30, 2008 and designated as Document 2008-0168347-00 the front page of which is attached hereto as Exhibit 5. This loan is in the process of being modified and it is anticipated that the lien may be reduced to the amount of $707,000. However, as of the filing of the Bankruptcy case, there had been no formal modification of the July 30, 2008 Wachovia Deed of Trust. Even if the Wachovia lien will be modified or reduced this senior lien is for an amount that exceeds the value of the Real Property ($650,000 - $690,000).

6. The second deed of trust held by Hansen Properties LLC in the amount of $350,000 plus accrued interest is unsecured based on the value of the Real Property ($650,000) and the senior lien in first position ($865,000 or possibly 707,000). The net value of the Real Property after deducting the senior lien is anywhere between -$215,000 and -57,000 assuming a value of $650,000. Even if the property is worth $690,000 the net value is still at the most -$17,000.

THEREFORE, Hansen Properties LLC's second deed of trust lien recorded August 21, 2008 on the debtors' real property has no secured value. This second lien is therefore under – secured and should be treated in this chapter 11 as an unsecured claim.

MOTION TO AVOID LIEN (SECOND DEED OF TRUST) AND VALUE COLLATERAL OF CREDITOR HANSEN PROPERTIES LLC AND POINTS AND AUTHORITIES THEREON

- 3

## IV. CONCLUSION

Based on the lack of equity in the property above and beyond the first lien of Wachovia Bank, the second deed of trust of Hansen Properties LLC described above should be deemed unsecured and the court issue the following Order:

A determination that the second deed of trust lien of Hansen Properties LLC on 3146 Diablo View Road , Lafayette CA 94549 is valued pursuant to 11 USC section 506(a) and FRBP 3012 at $0.00 and consequently Hansen Properties LLC does not have a secured claim based on this lien.

A finding that upon entry of the debtors' chapter 11 Discharge, the lien shall be voided pursuant to 11 U.S.C. section 1123(b)(5) and 1141 and be of no effect; and

If the movant's case is dismissed or converted before they obtain their chapter 11 discharge, the liens shall remain in full force and effect.

Respectfully Submitted:

Dated: September 2, 2009              /s/ Darya S. Druch
                                      _____
                                      Darya S. Druch
                                      Attorney for Debtor

MOTION TO AVOID LIEN (SECOND DEED OF TRUST) AND VALUE COLLATERAL OF CREDITOR HANSEN PROPERTIES LLC AND POINTS AND AUTHORITIES THEREON

- 4

Case: 09-47635    Doc# 24    Filed: 09/02/09    Entered: 09/02/09 12:51:27    Page 4 of 4